UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| TANYA BLACK, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | COMPLAINT LEVY, M.J. <br><br> JURY TRIAL DEMANDED |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendant EXPERIAN INFORMATION SOLUTIONS, INC., alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C §1681 *et seq.* and for the common law tort of defamation.

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C § 1681(p) and 28 U.S.C 1367.

3. The Plaintiff is a natural person and resident of the State of New York, County of Queens. She is a "consumer" as defined by 15 U.S.C § 1681 a(c).

## ALLEGATIONS AS TO PARTIES

4. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation formed under the laws of the State of Ohio and authorized to do business in the State of New York through its registered offices at the CT Corporation System, Inc., 111 Eighth Avenue, New York, New York, 10011.

5. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C § 1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

8. On or about sometime in calendar year 2008, Plaintiff leased an automobile from Toyota Motor Credit, Corp. As part of her agreement with Toyota Motor Credit, Corp. Plaintiff will make monthly, timely payments towards the lease and return the automobile in good condition and within the mileage limits to the automobile dealer, once the lease was expired.

9. Throughout the duration of the lease, Plaintiff made timely monthly payments as per the terms of the lease. Plaintiff was never assessed a late payment fee throughout the duration of the lease.

10. At the end of the lease, sometime in calendar year 2013, Plaintiff returned the automobile to Toyota Motor Credit, Corp. on time, within the mileage limits, without any damage and was never assessed a service fee on the lease.

11. Sometime thereafter, Plaintiff requested and received a copy of her credit file compiled and maintained by Experian (the "Experian credit report").

12. Within the Experian credit report, Equifax reported that the payments made to Toyota Motor Credit Corp, were untimely.

13. This representation was false, as all payments made by Plaintiff towards said account were always timely.

14. Sometime thereafter, Plaintiff contacted Experian, requesting that Experian verify and correct the erroneous representations in her credit file.

15. Experian responded to Plaintiff's disputes, claiming the information was reported correctly.

16. Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the judgment representation.

17. In the alternative to the allegation that Experian failed to contact the creditors and/or creditors' attorneys, it is alleged that Experian did not forward some notice of the dispute to the creditors and/or creditors' attorneys.

18. Experian failed to conduct a reasonable investigation by failing to analyze and culminate additional information that would have confirmed Plaintiff's disputes.

19. Sometime prior to commencing this action Plaintiff, through her counsel, made a good faith effort to resolve her causes of action against Experian. Notwithstanding the facts articulated herein, Experian denied liability.

20. As a result of Experian's willful actions and omissions, Plaintiff has been damaged insomuch as it reduced her credit scores which in turn prevented her from applying for or receiving a favorable rate for credit based products.

21. As a result of Experian's negligent actions and omissions, Plaintiff has been damaged insomuch as it reduced her credit scores which in turn prevented her from applying for or receiving a favorable rate for credit based products.

## **FIRST CLAIM FOR RELIEF AGAINST EXPERIAN**

22. The Plaintiff realleges and incorporates ¶¶1-21 above as if fully set out herein.

23. Experian willfully violated 15 U.S.C § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

24. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

25. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

26. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

27. The Plaintiff realleges and incorporates ¶¶1-26 above as if fully set out herein.

28. Experian willfully violated 15 U.S.C § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

29. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

30. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

31. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

## THIRD CLAIM FOR RELIEF AGAINST EXPERIAN

32. The Plaintiff realleges and incorporates ¶¶1-31 above as if fully set out herein.

33. Experian violated 15 U.S.C § 1681e(b) by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

34. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

35. Experian's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

36. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C §1681o.

## FOURTH CLAIM FOR RELIEF AGAINST EXPERIAN

37. The Plaintiff realleges and incorporates ¶¶1-36 above as if fully set out herein.

38. Experian violated 15 U.S.C § 1681i on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed

information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

39. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

40. Experian's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## EXPERIAN VIOLATED THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK
## FIFTH CLAIM FOR RELIEF AGAINST EXPERIAN

41. The Plaintiff realleges and incorporates ¶¶1-40 above as if fully set out herein.

42. Experian willfully violated NY GBS § 380-f by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

43. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

44. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

45. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to NY GBS § 380-l.

### SIXTH CLAIM FOR RELIEF AGAINST EXPERIAN

46. The Plaintiff realleges and incorporates ¶¶1-45 above as if fully set out herein.

47. Experian willfully violated NY GBS § 380-f on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is un reliable.

48. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

49. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

50. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to NY GBS § 380-l.

## SEVENTH CLAIM FOR RELIEF AGAINST EXPERIAN

51. The Plaintiff realleges and incorporates ¶¶1-50 above as if fully set out herein.

52. Experian violated NY GBS § 380-f by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

53. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

54. Experian's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to NY GBS § 380-m.

55. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to NY GBS § 380-m.

## EIGHTH CLAIM FOR RELIEF AGAINST EXPERIAN

56. The Plaintiff realleges and incorporates ¶¶1-55 above as if fully set out herein.

57. Experian violated NY GBS § 380-f on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed

information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

58. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

59. Experian's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to NY GBS § 380-m. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to NY GBS § 380-m.

## PRAYER FOR RELIEF

Plaintiff, Tanya Black prays that this Court:

1. Declare that Defendant violated the FCRA;

2. Declare that Defendant violated the General Obligations Law of the State of New York.

3. Enter judgment in favor of Plaintiff Black and against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the FCRA;

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Tanya Black, demands trial by jury.

Respectfully submitted,

Dated: January 14, 2014

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
40 Exchange Place, Suite 2010
New York, New York
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**